UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                              Plaintiff,

              -against-

JANE DOE, Inmate Accounts,

                              Defendants.

20-CV-0730 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that Defendant Jane Doe refused to advance him

postage for legal mail, as required by directives of the New York State Department of

Corrections and Community Supervision (DOCCS). By order dated March 3, 2020, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint

within sixty days of the date of this order.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In 2015, while Plaintiff Darrell Gunn was incarcerated at Green Haven Correctional Facility, he attempted to send "legal mail" but had no money in his inmate account. Jane Doe, the Inmate Accounts Coordinator, returned the mail to him, stating that "the only special handling

procedure of certified mail, return receipt [is] for N.Y.S. Court of Claims Act." (ECF 1, at 3.)
Jane Doe refused "to process plaintiff's legal mail according to N.Y.S. D.O.C.C.S Departmental
Directive #4421, Privilege[d] Correspondence § 721.2(a)(3)(v), and New York State Court of
Claims Act 11." (*Id.*)

On October 14, 2015, Plaintiff filed a grievance at Green Haven regarding Jane Doe's
denial of postage. Plaintiff's grievance was denied on May 10, 2016, and on May 16, 2016, he
appealed the denial of his grievance. (*Id.* at 4.)

Plaintiff contends that he was denied "the right to petition the government for redress of
grievances, and [the] right to due process of law," in violation of the First, Fifth, and Fourteenth
Amendments to the U.S. Constitution. He names Jane Doe as the sole defendant, and seeks
compensatory and punitive damages.

## DISCUSSION

### A.    First Amendment Claims

The Court construes Plaintiff's allegations that Defendant Jane Doe refused to advance
postage for his legal mail, as required by DOCCS policy, as a claim under 42 U.S.C. § 1983 that
he was denied access to the courts. Individuals have a constitutional right of access to the courts
under the First Amendment to the United States Constitution, *Christopher v. Harbury*, 536 U.S.
403, 414-16 (2002); *Lewis v. Casey,* 518 U.S. 343, 346 (1996), and prisoners must be provided
"a reasonably adequate amount of postage" for access to the courts. *Chandler v. Coughlin*, 763
F.2d 110, 114 (2d Cir. 1985).[2]

---

[2] *See also Gittens v. Sullivan*, 670 F. Supp. 119, 123 (S.D.N.Y. 1987) ("The number of
actions filed by the plaintiff as well as the avalanche of papers submitted by plaintiff in the
instant suit indicate that the procedures followed by the defendants have been sufficient to
provide plaintiff with meaningful access to the courts."), *aff'd*, 848 F.2d 389 (2d Cir. 1988).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff, such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (explaining that "plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim.").

To plead actual injury, a plaintiff must allege facts demonstrating that he was prejudiced in ongoing legal proceedings. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin,* 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith,* 784 F.2d 149, 151–52 (2d Cir. 1986)); *see also Sheppard v. Lee,* No. 10-CV-6696, 2011 WL 6399516, at *2 (S.D.N.Y. Dec. 20, 2011) (holding that plaintiff did not plead actual injury where his motion was dismissed on other grounds, unrelated to the delayed outgoing legal mail).

Plaintiff does not describe in the complaint the nature of his mail or whether Defendant Jane Doe's refusal to advance him postage caused harm to a nonfrivolous legal proceeding. Because Plaintiff does not describe any prejudice to an ongoing legal proceeding or other actual harm, his allegations are insufficient to state a claim that Defendant violated his right to access the courts.

## B.     Due Process Claims

"The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). Where the government

deprives a plaintiff of a protected interest pursuant to an established procedure,[3] due process

generally requires some form of hearing before the government finally deprives the individual of

the property interest. *See Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011).

By contrast, a government agent's random and unauthorized act does not violate due

process if a meaningful post-deprivation remedy is available; when the government cannot

predict precisely when the loss will occur, it would be impossible to provide a meaningful

hearing *before* the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v.

Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*,

474 U.S. 327, 220-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New

York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available

§ 1983 action) when there is an adequate state postdeprivation procedure to remedy a random,

arbitrary deprivation of property or liberty.").

Here, Plaintiff could be understood as alleging that Defendant Jane Doe frustrated his

ability to pursue a legal claim, in violation of his right to due process. Plaintiff alleges that

Defendant denied him advance postage to which he was entitled under the established DOCCS

policy directive. Plaintiff's allegations regarding Jane Doe's random and unauthorized act do not

state a claim for a violation of his due process rights, so long as there is an adequate

postdeprivation procedure under state law. State law provides remedies, in the form of an Article

78 proceeding challenging the denial of his grievance, for example, and Plaintiff gives no

---

[3] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom" or is the result of a decision made by a high-ranking official with "final authority over significant matters," *see Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (citing *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

indication that such a remedy is inadequate. Plaintiff thus fails to state a claim under § 1983 for a violation of his due process rights under the Fourteenth Amendment.[4]

## C. Statute of Limitations

The statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

---

[4] Plaintiff's claims against a New York State DOCCS employee do not arise under the Fifth Amendment. *See, e.g., San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 (1987) ("The Fourteenth Amendment applies to actions by a State . . . The Fifth Amendment [applies] to the Federal Government.").

Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff knew that Jane Doe had denied him advance postage as of the date that the events took place. Plaintiff does not include the date that these events occurred, but he alleges that on October 14, 2015, he grieved the incident. It therefore appears that Plaintiff's claims accrued on or before that date.

Plaintiff alleges that on May 10, 2016, his grievance was denied, and on May 16, 2016, he appealed the denial of his grievance. (ECF 1 at 4.) Plaintiff does not indicate when or if he received a response. Exhaustion of Plaintiff's administrative remedies thus tolled the limitations period at least into 2016. *See Gonzalez v. Hasty*, 651 F.3d 318 (2d Cir. 2011) (holding that equitable tolling of the statute of limitations begins when a plaintiff first raises his administrative claim and ends when prison administrative remedies are deemed exhausted). But Plaintiff did not give this complaint to prison officials for mailing until January 15, 2020. (ECF 1, at 5.) Moreover, the naming of a Jane Doe defendant does *not* toll the three-year statute of limitations period governing this action, and Plaintiff was required to file a complaint with the identity of Jane Doe before the limitations period expired.

It therefore appears from the face of the complaint that this action is time-barred. In light of Plaintiff's *pro se* status, the Court grants him 60 days to show cause why this action should not be dismissed as time-barred. Plaintiff's declaration should state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently

conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)   give the names and titles of all relevant persons;

b)   describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0730 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Dated:   March 6, 2020
       New York, New York

                                                COLLEEN McMAHON
                                 Chief United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                   State                         Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____     Plaintiff's Signature _____

First Name _____ Middle Initial _____ Last Name _____

Prison Address _____

County, City _____ State _____ Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____