UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL GUNN,

                Plaintiff,

-against-

JANE DOE, Inmate Accounts,

                Defendant.

20-CV-0730 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated at Sing Sing Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that in 2014, "Jane Doe" inmate coordinator refused to advance him postage for certain legal mail. By order dated March 6, 2020, Chief Judge Colleen McMahon held that Plaintiff's allegations failed to state a claim on which relief can be granted and showed that his claims were time-barred, but granted Plaintiff leave to amend his complaint. Plaintiff filed an amended complaint on April 23, 2020, and this matter was reassigned to my docket. The Court has reviewed the amended complaint and, for the reasons set forth below, dismisses this action with leave to replead his claims.

## STANDARD OF REVIEW

    The Court must dismiss a complaint brought IFP, or any portion of such complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Darrell Gunn's amended complaint. On November 20, 2014, while Plaintiff was a prisoner at Green Haven Correctional Facility, "Jane Doe" Inmate Coordinator would "not send out [the] indigent plaintiff['s] legal mail and/or certified mail return receipt if plaintiff [did] not have money in his account." (ECF 7 at ¶¶ 2-3). Jane Doe's actions allegedly "frustrated Plaintiff into delaying . . . timely fil[ing] nonfrivolous lawsuits on time. *See* New York State Court of Claims M-94382 Denied. M-94789 Denied; M-

2

94930 Denied and claim #128449 still pending. " (*Id.* at p. 5). Jane Doe also sent Plaintiff a memorandum stating that a Notice of Intent directed to the New York State Court of Claims "is the only special handling procedure of certified mail, return receipt." (ECF 7 at 6).[1]

On October 14, 2015, Plaintiff filed a prison grievance regarding Jane Doe's failure to advance him funds for postage (or to advance him funds to send his package by certified mail, it is not clear which). (*Id.* at ¶ 14). On May 10, 2016, Plaintiff was notified that his grievance was denied, and a few days later, on May 16, 2016, he appealed the denial of his grievance. (*Id.*) On March 15, 2017, Plaintiff received a final decision from the Central Office Review Committee (CORC), and he filed the original complaint in this matter nearly three years later, on January 15, 2020.[2] (ECF 1 at 5.)

Plaintiff asserts that Defendant Jane Doe's actions violated his rights under the First and Fourteenth Amendments. He seeks damages.

## DISCUSSION

**A.     Timeliness**

As set forth in the Court's prior order, the statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989), which is three years in New York, *Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v.*

---

[1] Plaintiff includes a list of dates from November 2014, to October 2016, but it is unclear to what these refer. Many of the dates listed are after Plaintiff filed his grievance about postage.

[2] A prisoner's complaint is deemed filed on the date that he gives it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988).

*Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff knew that Jane Doe refused to advance him postage as of November 20, 2014, when she denied his request. (ECF 7 at ¶¶ 2-3).

The statute of limitations is tolled while plaintiff is "actively" exhausting his prison grievance remedies and begins to run again when those remedies are completed. *See Gonzalez v. Hasty*, 651 F.3d 318 (2d Cir. 2011) (holding that equitable tolling of the statute of limitations begins when a plaintiff first raises his administrative claim and ends when prison administrative remedies are deemed exhausted). The statute of limitations therefore ran from November 20, 2014, when Jane Doe denied Plaintiff postage, until October 14, 2015, when Plaintiff grieved the incident nearly one year later. Because the statute of limitations had already run for nearly one year, Plaintiff had approximately two more years before the three-year limitations period for a § 1983 action would expire.

The statute of limitations began to run again on March 16, 2017, once Plaintiff received the CORC's final decision on his grievance, and continued to run for nearly three years, until

4

Plaintiff signed his original complaint on January 15, 2020 (ECF 1 at 5), at which point the statute of limitations had run for nearly four years.[3]

Equitable tolling of the limitations period may be available, where the plaintiff: (1) has acted with reasonable diligence during the proposed tolling period; and (2) shows that the circumstances are so extraordinary that the doctrine should apply. *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). In response to the Court's order providing Plaintiff an opportunity to plead facts showing that the statute of limitations should be equitably tolled, Plaintiff points to the following incidents: (1) he was denied access to the law library on April 17, 2015; (2) the facility was too cold because in 2016 and 2017, the heat had been turned down too early (between April 15, 2016 – May 5, 2016, and April 2017-May 2017); (3) he went on hunger strikes beginning June 5, 2017, and July 28, 2017; and (4) Correction Officer Ayala allegedly assaulted him on September 11, 2018. (ECF 7 at p. 4).[4]

Several of these incidents – the denial of access to the law library or the alleged assault – lasted only one day. Moreover, it is not clear how the other incidents – such as the unseasonably cold weather or Plaintiff's decision to initiate protests – prevented him from filing this suit.

---

[3]Under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure, "where state law governs the statute of limitations, relation back may apply if it would be permissible under state law." *Da Cruz v. Towmasters of N.J.*, 217 F.R.D. 126, 129 (E.D.N.Y. 2003). Under New York law, the filing of a "John Doe" complaint can toll the applicable statute of limitations, provided the plaintiff "show[s] that he made genuine efforts to ascertain the defendants' identities prior to the running of the [s]tatute of [l]imitations." *Murphy v. West*, 533 F. Supp. 2d 312, 316 (W.D.N.Y. 2008) (citing N.Y. CPLR §§ 203(b)-(c), 306–b, 1024). Here, Plaintiff's amended complaint does not show that he made any effort to ascertain Jane Doe's identity in the years between 2014, when she denied him postage, and 2020, when he filed this action.

[4] Plaintiff has pending suits about several of these incidents, *Gunn v. Annucci*, No. 20-CV-2004 (PMH) (S.D.N.Y.) (insufficient heat at Green Haven Correctional Facility); *Gunn v. Bentivegna*, No. 20-CV-2440 (LLS) (S.D.N.Y.) (hunger strike to protest being given unsanitary water to drink to swallow his medication); *Gunn v. Ayala*, No. 20-CV-0840 (KMK) (S.D.N.Y.) (asserting claims based on Correction Officer Ayala's alleged assault).

These are not the type of extraordinary circumstances for which courts have found that equitable tolling should apply. Plaintiff also fails to plead any facts whatsoever suggesting that he acted with reasonable diligence to pursue his claim against Jane Doe. The allegations of the complaint do not show that Plaintiff took any action to vindicate his rights between 2017, when his prison grievance was denied, and 2020, when he filed this complaint – though he filed other complaints during the same period.[5] Plaintiff thus fails to show that the statute of limitations should be equitable tolled. Plaintiff's § 1983 claim, seeking damages from Jane Doe on the ground that she denied him postage in November 2014, must therefore be dismissed as time-barred.

### B.   Failure to State a Claim

Even if the complaint were not time-barred, Plaintiff fails to plead sufficient facts to state a claim for denial of access to the court, in violation of the First Amendment, or a violation of his right to procedural due process, in violation of the Fourteenth Amendment.

#### 1.   First Amendment

Individuals have a constitutional right of access to the courts under the First Amendment to the United States Constitution, *Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002); *Lewis v. Casey,* 518 U.S. 343, 346 (1996), and prisoners must be provided "a reasonably adequate amount of postage" for access to the courts. *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir. 1985). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff, such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted).

---

[5] *See, e.g., Gunn v. Annucci*, No. 19-CV-10039 (CS) (S.D.N.Y.) (complaint signed in October 2019, asserting claim for excessive force claims); *Gunn v. John Doe*, 7:19-CV-11821 (VB) (complaint signed in December 2019).

Here, Plaintiff alleges generally that Jane Doe "frustrated Plaintiff into delaying . . . timely fil[ing] nonfrivolous lawsuits on time. *See* New York State Court of Claims M-94382 Denied. M-94789 Denied; M-94930 Denied and claim #128449 still pending. " (ECF 7 at p. 5). Plaintiff does not plead any facts about when he attempted to mail such claims and it is unclear how these are related to Jane Doe's November 2014 denial of postage. Plaintiff does not allege if or when he attempted to mail these particular documents, and what Jane Doe did or failed to do. Plaintiff thus fails to state a First Amendment claim because he does not allege how Jane Doe's deliberate actions frustrated his ability to file a legal claim. Moreover, Plaintiff alleges that claims that he characterizes as "non-frivolous" were denied, but he does not provide any facts about the nature of the claims that he was pursuing.

2.     **Due Process Claims**

As set forth in Chief Judge McMahon's March 6, 2020 order to amend, a government agent's random and unauthorized act does not violate due process if a meaningful post-deprivation remedy is available. When the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 220-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").

Plaintiff's allegations regarding Jane Doe's unauthorized actions do not state a claim for a violation of his due process rights, so long as there is an adequate postdeprivation procedure under state law. State law provides remedies, in the form of an Article 78 proceeding challenging

7

the denial of Plaintiff's grievance, for example, and Plaintiff gives no indication that such a remedy is inadequate. Plaintiff thus fails to state a claim under § 1983 for a violation of his due process rights under the Fourteenth Amendment.

## C.  Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It appears unlikely that Plaintiff's complaint can be cured with further amendment, but in an abundance of caution, the Court grants Plaintiff another opportunity to amend his complaint. If Plaintiff chooses to file a second amended complaint, he should include facts that show plainly what Defendant did or failed to do that hindered a particular legal claim that Plaintiff was pursing, giving dates and facts about the legal claim. If Plaintiff seeks to assert some claim in connection with the dates that he lists in the amended complaint, Plaintiff must include a short and plain statement of the facts showing that he is entitled to relief.

Generally, a plaintiff must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with thirty days leave to replead. A Second Amended Complaint form is attached to this order. If Plaintiff fails to file a second amended

complaint within thirty days, the Court will enter judgment and direct the Clerk of Court to close this case.

This order will be mailed by chambers.

SO ORDERED.

Dated: May 21, 2020
       New York, New York

                                                /s/ Louis L. Stanton
                                                   Louis L. Stanton
                                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

_____
_____
_____
_____

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.   LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

**II.   PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                           State                Zip Code

**III.   PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                                       Plaintiff's Signature

_____        _____
First Name        Middle Initial        Last Name

_____
Prison Address

_____
County, City                         State                         Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6